**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KATRINA K. NEELY,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO:** |
| | § | |
| **GENERAL MOTORS, LLC,** | § | |
| **dba GM FINANCIAL and** | § | |
| **GENERAL MOTORS** | § | |
| **FINANCIAL COMPANY, INC.,** | § | |
| *jointly and severally,* | § | |
| | § | |
| *Defendant.* | § | ***DEMAND FOR JURY TRIAL*** |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

TO THE HONORABLE JUDGE:

Plaintiff, **_KATRINA K. NEELY_** (hereinafter referred to as "Plaintiff" or "NEELY")
files this Plaintiff's Original Complaint and Jury Demand against Defendant,

**_GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS
FINANCIAL COMPANY, INC._**, jointly and severally, (hereinafter referred to
collectively as "Defendant" or "GM") for Age Discrimination i.e. violations of the Age
Discrimination in Employment Act **("ADEA")** as amended by the Older Workers
Benefit Protection Act **("OWPBA")**, Race and Color Discrimination, Sex (Gender)
Discrimination, Disparate Treatment Employment Discrimination, Disparate Impact
Employment Discrimination, Hostile Work Environment, Retaliation, Failure to
Promote and Defamation.  In support thereof Plaintiff states the following:

---

## I. PARTIES

1.      Plaintiff **KATRINA K. NEELY** is a fifty (50) year old, African American, female, employee with over fourteen (14) years of service with GM, who resides in Tarrant County, Texas.

2.      Defendant **GM FINANCIAL** is a registered trademark of **GENERAL MOTORS, LLC**. **GENERAL MOTORS, LLC**, is a for profit, limited liability corporation organized under the laws of the state of Delaware with its corporate headquarters located in Detroit, Michigan and who maintains a principal place of business in Arlington, Texas and who may be served under Rule 4(j) (2) of the Federal Rules of Civil Procedure by serving **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC** its registered agent for service or an owner, director or officer of the corporation or anyone else authorized to accept service at: *211 East 7th Street, Suite #620, Austin, Texas 78701*.

3.      Defendant **GENERAL MOTORS FINANCIAL COMPANY, INC.** is a wholly-owned captive finance subsidiary of **GENERAL MOTORS, LLC**.  **GENERAL MOTORS FINANCIAL COMPANY, INC.**, is a for profit, corporation organized under the laws of the state of Texas with its corporate headquarters located in Fort Worth, Texas and who maintains a principal place of business in Arlington, Texas and who may be served under Rule 4(j) (2) of the Federal Rules of Civil Procedure by serving **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC** its registered agent for service or an owner, director or officer of the corporation or anyone else authorized to accept service at: *211 East 7th Street, Suite #620, Austin, Texas 78701*.

4.     At all times relevant herein **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.**, both have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## II. JURISDICTION

5.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451 (judiciary), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1337 (commerce), 28 U.S.C. §1343 (civil rights), 29 U.S.C. §623(a)(1) (age), 42 U.S.C. §2000e-5(f) (1) (unlawful employment practices), (Title VII Enforcement), 42 U.S.C. § 1981a (equal rights) and 42 U.S.C. § 1983 (civil rights).

6.     **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** both are employers within the meaning of the above statutes because they separately employ fifteen or more employees for each working day in each of twenty or more calendar weeks within a calendar year.

## III. VENUE

7.     The employment practices of the **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** alleged to be unlawful were committed within the jurisdiction of the Northern District of Texas, Fort Worth Division.  In addition, **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** maintain a principal location within the Northern District of Texas, Fort Worth Division.  Additionally most if not all of the acts and failure to act complained of herein occurred within the Northern District of Texas, Fort Worth Division.  Accordingly, venue is proper pursuant to 28

U.S.C. §1391(b) (1) & (2).

## IV. PENDANT STATE LAW CLAIMS

8.      Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure and 28 U.S.C. 1367 to hear and adjudicate claims arising out of the transactions set forth herein that violate rights and duties established by the laws of the State of Texas.

9.      The actions of **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** are further actionable under the Texas Commission on Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and all of the allegations contained within this complaint are incorporated into this claim by reference, as if they had been fully recited therein.

10.      **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** have committed various torts against Plaintiff under Texas Law of which jurisdiction to adjudicate those torts rest with this court.

## V. EXHAUSTION OF ADMINISTRATION REMEDIES

11.      Prior to filing her original complaint, on or about February 16, 2016, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial charge of discrimination asserting failure to promote, race discrimination, gender discrimination, hostile work environment, age discrimination, color discrimination, retaliation, disparate treatment and hostile work environment with sexual content against **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS**

**FINANCIAL COMPANY, INC.** *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, (2008), 128 S.Ct. 1147 (2008); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993); *Martinez v. Potter,* 347 F.3d 1208 at 1210 (10th Cir. 2003); *Deravin v. Kerik,* 335 F.3d 195, 200-01 (2d Cir. 2003).

12.     Shortly after Plaintiff filed her initial charge of discrimination against **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.**, with the United States Equal Employment Opportunity Commission ("EEOC"), **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.**, its supervisors, managers and others, increased their retaliation against Plaintiff.

13.     In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the EEOC and within two (2) years after Defendant willfully violated Plaintiff's rights. Plaintiff received her Notice of Rights aka "right to sue" letter from the EEOC; dated February 19, 2016.  On May 16, 2016, Plaintiff filed her Original Complaint and Jury Demand (Doc. 1) with this Court.  Plaintiff has exhausted all administrative remedies; therefore all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived.  *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## VI. CONDITIONS PRECEDENT

14.     All conditions precedent; to Plaintiff bringing her claims against **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.**, for Age Discrimination i.e. violations of the Age Discrimination in

Employment Act **("ADEA")** as amended by the Older Workers Benefit Protection Act

**("OWPBA")**, Race and Color Discrimination, Sex (Gender) Discrimination, Disparate

Treatment Employment Discrimination, Disparate Impact Employment Discrimination,

Hostile Work Environment, Retaliation, Failure to Promote and Defamation, have

either been performed, have occurred or have been waived.

15.    All conditions precedent; to Plaintiff bringing her claims against *GENERAL*

*MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL*

*COMPANY, INC.*, for defamation have either been performed, have occurred or have

been waived.

## VII. PROTECTED CLASS MEMBERSHIP

16.    This lawsuit is brought under 42 U.S.C. §2000e et. seq. (Title VII) and its

counterpart 42 U.S.C. §1981. Title VII and §1981 prohibit employers from

discriminating "against any individual with respect to their compensation, terms,

conditions, or privileges of employment because of such individual's race, color,

religion, sex or national origin.  *See:* 42 U.S.C. §2000e-2(a).

17.    Plaintiff identifies that she is a member of the following protected classes:

    a)    over fifty (50) years old; and
    b)    race-(African American); and
    c)    color- (dark skin tone); and
    d)    sex-gender-(female); and
    e)    Complained to her supervisors, HR Department, managers, directors
          and filed complaint with EEOC concerning unlawful employment
          conditions; and
    f)    retaliation prohibited; and
    g)    other applicable laws.

18.    Plaintiff identifies that she is a member of one or more of the protected classes

identified in paragraphs 16-17 above as defined within the Texas Commission on

Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and other Texas Statutes.

## VIII. STATEMENT OF UNDISPUTED MATERIAL FACTS

19.   Plaintiff *KATRINA K. NEELY*, is over fifty (50) years old.

20.   Plaintiff *KATRINA K. NEELY*, is an African American.

21.   Plaintiff *KATRINA K. NEELY*, has dark skin tone.

22.   Plaintiff *KATRINA K. NEELY*, is a female.

23.   Plaintiff *KATRINA K. NEELY*, was at all times material herein qualified for the position of bankruptcy legal representative.

24.   Plaintiff *KATRINA K. NEELY*, was at all times material herein an employee within the definition of 42 U.S.C. §2000e(f) of *GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.*

25.   Defendant *GENERAL MOTORS, LLC*, is a for profit limited liability company organized under the laws of the state of Delaware with its corporate office in Detroit, Michigan and who maintains a principal place of business in Arlington, Tarrant County, Texas.

26.   Defendant *GENERAL MOTORS FINANCIAL COMPANY, INC.* is a for profit corporation organized under the laws of the state of Texas with its corporate office in Fort Worth, Texas and who maintains a principal place of business in Arlington, Tarrant County, Texas.

27.   Defendant *GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.* both were at all times material herein an employer as defined in 42 U.S.C. §2000e(b) for the reasons of: a) having engaged in

an industry affecting commerce and b) who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

28.   Defendant **GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.** are employers with over 501 employees in 2016.

## IX. STATEMENT OF FACTS

*Chronology of Events - Paragraphs 29 – 48*

29.   Plaintiff started her career with AmeriCredit now called GM Financial in March 2002 as a bankruptcy collection representative.

30.   After a short period of time Plaintiff took the position of total loss and impound.

31.   Then Plaintiff accepted the position of bankruptcy legal representative, a position which Plaintiff holds to this day.

32.   Plaintiff applied numerous times for the team lead position.

33.   Although Plaintiff had more seniority, education and experience than other applicants, on each occasion GM hired less senior, less educated and less experienced individuals for the team lead positions.

34.   On each occasion GM hired individuals who were younger than Plaintiff who is over fifty (50) years old for the team lead positions.

35.   On each occasion GM hired individuals who were not African American for the team lead positions.

36.   On each occasion GM hired individuals who were not female for the team lead positions.

37. On each occasion GM hired individuals who were not dark skin toned for the team lead positions.

38. Over the years Plaintiff repeatedly requested to be a part of the *"high potential group"* however each of Plaintiffs' requests was denied.

39. Plaintiff applied for the Specialist III positions.

40. Although Plaintiff had more seniority, education and experience than other applicants, GM hired less senior, less educated and less experienced individuals for the Specialist III positions.

41. GM hired individuals who were younger than Plaintiff who is over fifty (50) years old for the Specialist III positions.

42. GM hired individuals who were not African American for the Specialist III positions.

43. GM hired individuals who were not dark skin toned for the Specialist III positions.

44. Plaintiff has applied for over twenty two (22) positions with GM.

45. GM maintains private notes called *"hurles"* on Plaintiff.

46. The private notes called *"hurles"* created and published by GM contain derogatory false information about Plaintiff.

47. Plaintiff applied for the Cash Management Analyst positions.

48. Although Plaintiff had more seniority, education and experience than other applicants, GM hired less senior, less educated and less experienced individuals for the Cash Management Analyst positions.

49. GM hired individuals who were younger than Plaintiff who is over fifty (50)

years old for the Cash Management Analyst positions.

50.     GM hired individuals who were not African American for the Cash Management Analyst positions.

51.     GM hired individuals who were not dark skin toned for the Cash Management Analyst positions.

52.     Plaintiff applied for the Compliant Tracking Analyst positions.

53.     Although Plaintiff had more seniority, education and experience than other applicants, GM hired less senior, less educated and less experienced individuals for the Compliant Tracking Analyst positions.

54.     GM hired individuals who were younger than Plaintiff who is over fifty (50) years old for the Compliant Tracking Analyst positions.

55.     GM hired individuals who were not African American for the Compliant Tracking Analyst positions.

56.     GM hired individuals who were not dark skin toned for the Compliant Tracking Analyst positions.

57.     Plaintiff applied for the Servicing Quality Assurance Analyst positions.

58.     Although Plaintiff had more seniority, education and experience than other applicants, GM hired less senior, less educated and less experienced individuals for the Servicing Quality Assurance Analyst positions.

59.     GM hired individuals who were younger than Plaintiff who is over fifty (50) years old for the Servicing Quality Assurance Analyst positions.

60.     GM hired individuals who were not African American for the Servicing Quality Assurance Analyst positions.

61.    GM hired individuals who were not dark skin toned for the Servicing Quality Assurance Analyst positions.

62.    GM circulates cards that are offensive with regard to age, race, color and sex.

63.    Plaintiff complained to her supervisors about the cards that are offensive with regard to age, race, color and sex; however nothing was done to stop the offensive conduct.

64.    GM circulates emails that are offensive with regard to age, race, color and sex.

65.    Plaintiff complained to her supervisors about the emails that are offensive with regard to age, race, color and sex; however nothing was done to stop the offensive conduct.

66.    GM allows offensive remarks, jokes, comments, name calling and innuendos with regard to age, race, color and sex to be made at the work place.

67.    Plaintiff complained to her supervisors about the offensive remarks, jokes, comments, name calling and innuendos with regard to age, race, color and sex; however nothing was done to stop the offensive conduct.

68.    After Plaintiff complained to her supervisors as outlined in paragraphs 63, 65 and 67 above, GM retaliated against Plaintiff.

69.    Plaintiff suffered the following *adverse employment actions* among other actions: a) changes in the working conditions of Plaintiff, b) changes in job duties of Plaintiff, c) Plaintiff being given more work to accomplish than can be achieved within the work day, d) Plaintiff being given a bogus performance review; e) Plaintiff not receiving an increase in compensation for being required to perform additional duties outside her job description, f) Plaintiff being denied benefits, g) Plaintiff being denied

opportunities for increased compensation, h) Plaintiff being micromanaged, i) Plaintiff being bullied, j) Plaintiff being mobbed, k) Plaintiff being yelled at, l) work environment that denies Plaintiff an opportunity to succeed, m) work environment that denies Plaintiff an opportunity to be promoted, n) reduced workforce, causing more work for Plaintiff, o) providing Plaintiff a negative mid-year performance review, p) providing Plaintiff a negative end of year performance review, q) ongoing age, race, color and gender discrimination through intimidation, ridicule and insults.

70.     During Plaintiff's employment with GM she had never received any discipline.

71.     On February 16, 2016 Plaintiff filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission.

72.     On or about February 26, 2016 GM received the Charges of Discrimination filed with the United States Equal Employment Opportunity Commission by Plaintiff the discrimination and harassment of Plaintiff has increased tenfold.

73.     As a result of the increased discrimination and harassment combined with the adverse employment actions, Plaintiffs' stress level was elevated which exacerbated Plaintiffs' medical conditions.

74.     On or about May 16, 2016 Plaintiff filed her Original Complaint (Doc. 1) with the Clerk of the United States District Court for the Northern District of Texas, Fort Worth Division.

## X. DAMAGES

75.     As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered losses including, but not limited to: front pay, back pay, costs of court, legal expenses,

expert fees, mediation fees, attorney fees, mental anguish, humiliation and emotional distress in the past and future, prejudgment and post judgment interest, benefits, actual damages, special damages, expenses, medical expenses, liquidated damages, and punitive damages, all to be specified at trial, any injunctive relief deemed appropriate and available under the statutes which Plaintiff brings this action as well as any and all other relief deem just either in equity or law.

## XI. CAUSES OF ACTION

### COUNT ONE – AGE DISCRIMINATION
### 29 U.S.C. §623(a)(1)
### IN THE WORKPLACE AT GM FINANCIAL

76.     Defendant, GM has violated 29 U.S.C. §623(a)(1), Chapter 21 of the Texas Labor Code and other similar state statutes.

77.     Plaintiff repeats and re-alleges Paragraphs 19 through 28.

78.     Plaintiff is over fifty (50) years old.

79.     Plaintiff repeats and re-alleges Paragraphs 29 through 74.

80.     Plaintiff has established her prima facia case of age discrimination.

### THE UNDERLYING AGE DISCRIMINATION SCHEME OF GM FINANCIAL

81.     In the last couple of years GM began a scheme to terminate higher paid, senior employees whom have served GM and full-time employees to be replaced by younger, less experienced and part-time employees.

82.     The scheme was specifically designed to save GM monies concerning salaries, retirement benefits, health insurance and other benefits.

83.     As designed using this scheme GM would hire younger less experienced individuals so they would have not have to be paid as much as the older more senior

employees.

84.    Also by hiring younger employees, GM in its scheme using statistical information felt it would also lower its heath care insurance and costs associated therewith, in addition to saving costs concerning the short term disability, long term disability, retirement and other benefits for its employees.

85.    In furtherance of the scheme GM represented to the public that it was hiring more individuals, being a good community partner, because now GM hires two (2) part-time or more individuals to take the place of one (1) full time position, however what they didn't say was although that were hiring more individuals the positions were part-time, causing individuals to work less than twenty-four (24) hours a week, a position that immediately made less money and did allow for certain benefits as only full-time employees and employees who work more than twenty-four (24) hours a week receive benefits.

86.    This scheme of GM was directly aimed at older employees with more seniority like Plaintiff.

87.    Said scheme of GM violates not only the Age Discrimination in Employment Act **(ADEA)** but also its amendment titled the Older Workers Benefit Protection Act **(OWBPA)**.

88.    The discriminatory and retaliatory conduct of Defendant caused Plaintiff to suffer age discrimination; thereby violating the rights of Plaintiff protected by the Age in Employment Discrimination Act, Older Workers Benefit Protection Act, Title VII, Chapter 21 of the Texas Labor Code and other similar state statutes.

89.    As evident from the facts above Defendants conduct was directed at Plaintiff

because she was over forty (40) years old.

90.    Defendant intentionally caused Plaintiff to suffer adverse employment actions.

91.    Defendants decision to intentionally cause Plaintiff to suffer adverse employment actions was based on Plaintiff's age.

92.    Defendants decision to intentionally cause Plaintiff to suffer adverse employment actions was made by persons younger than Plaintiff.

93.    Defendants decision to intentionally cause Plaintiff to suffer adverse employment actions was made by younger employees without following Defendants written policy.

94.    Defendants decision to intentionally terminate Plaintiff the ultimate adverse employment action was made by persons younger than Plaintiff.

95.    Defendant replaced Plaintiff with a younger individual, who had less seniority, less education, less experience and was less qualified than Plaintiff.

96.    Defendant treats younger employees different than older employees like Plaintiff.

97.    Defendant intentionally and willfully discriminated against Plaintiff and others.

98.    The unlawful employment practices complained of herein were intentional.

99.    The unlawful employment practices complained of herein were done with malice or reckless indifference to the protected rights of Plaintiff and other African American employees.

100.    As a result of Defendants discriminatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment.

101.    As a result of Defendants discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Because of these losses Plaintiff seeks compensatory damages.

102.    Defendants actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages.

103.    Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

### COUNT TWO – RACE & COLOR DISCRIMINATION
### 42 U.S.C. §2000e-2(a)(1) & 42 U.S.C. §1981
### IN THE WORKPLACE AT GM FINANCIAL

104.    Defendant, GM has violated 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

105.    Plaintiff repeats and re-alleges Paragraphs 19 through 28.

106.    Plaintiff is a dark skin toned, African American.

107.    Plaintiff repeats and re-alleges Paragraphs 29 through 74.

108.    Plaintiff has established her prima facia case of race and color discrimination.

109.    At all times material herein the GM had written policies prohibiting harassment and discrimination; however GM did not apply and enforce those policies within its workplace.

110.    At all times material herein GM did not apply and enforce its policies equally on Plaintiff and other employees.

111.    GM's unilateral actions constitute unlawful discrimination under federal and state law.  Specifically Plaintiff's race (African American) and color was a motivating

factor in GM's and others acts, malfeasance and omissions complained of herein.

112. Even before Plaintiff filed this lawsuit, GM knew of the existing race and color discrimination, had knowledge of the retaliatory actions and adverse employment actions suffered by Plaintiff but took no action to stop same.

113. The unlawful employment practices complained of herein were intentional.

114. Plaintiff suffered damages as alleged in Section X.

## COUNT THREE – SEX-GENDER DISCRIMINATION
## 42 U.S.C. 2000e-2(a)(1) & 42 U.S.C. §1981
## IN THE WORKPLACE AT GM FINANCIAL

115. Defendant, GM has violated 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

116. Plaintiff repeats and re-alleges Paragraphs 19 through 28.

117. Plaintiff is a female.

118. Plaintiff repeats and re-alleges Paragraphs 29 through 74.

119. Plaintiff has established her prima facia case of gender discrimination.

120. In addition to Plaintiff being a member of the Protected Classes described in Section VII above; Plaintiff believes a motivating factor for the conduct of GM *rests* with Plaintiff being a female.

121. GM and others directly discriminated against Plaintiff.

122. GM and others directly harassed Plaintiff.

123. GM knew, approved and condoned the harassing and discriminatory conduct of manager, supervisors and others directed at Plaintiff.

124. Plaintiff a female employee of GM and is held, to a higher standard than male employees of GM.

125.   Managers, supervisors and others routinely violate the written policies of GM without repercussion.

126.   Plaintiff and other female employees who violate the same written policies of GM are subjected to discipline.

127.   GM, managers, supervisors and others do not enforce the written policies equally among all employees.

128.   GM, managers, supervisors and others have and continue to discriminate against Plaintiff because she is an African American female.

129.   Plaintiff has brought sex-gender discrimination up to GM, managers, supervisors and others; however GM took no steps to stop the sex-gender discrimination.

130.   GM, managers, supervisors and others intentionally and willfully discriminated against Plaintiff and other female employees.

131.   The unlawful employment practices complained of herein were intentional.

132.   Plaintiff suffered damages as alleged in Section X.

**COUNT FOUR – DISPARATE TREATMENT EMPLOYMENT DISCRIMINATION
42 U.S.C. §2000e-2 and 42 U.S.C. §1981
IN THE WORKPLACE AT GM FINANCIAL**

133.   Defendant, GM has violated 42 U.S.C. §2000e-2, 42 U.S.C. § 1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

134.   Plaintiff repeats and re-alleges Paragraphs 19 through 28.

135.   Plaintiff is an African American, female.

136.   Plaintiff repeats and re-alleges Paragraphs 29 through 74.

137.   Plaintiff has established her prima facia case of disparate treatment

employment discrimination.

138.  Defendant discriminated against Plaintiff because she is an African American, female.  However, Defendant has not discriminated against similarly situated non-African American, females.  Defendant treated Plaintiff differently than similarly situated non-African American, females.

139.  Defendant took adverse employment actions against Plaintiff as outlined in paragraph 69 above.  However, Defendant has not taken the same adverse employment actions against similarly situated non-African American, female employees.  Defendant treated Plaintiff differently than similarly situated non-African American, female employees because of her race and gender.

140.  Defendant is a sophisticated employer that is fully aware of its duty to not discriminate against any individuals on account of their race and gender.  Despite this knowledge, Defendant acted recklessly and without regard to Plaintiff's federally protected civil rights.  Plaintiff demands judgment against Defendant for punitive damages.

141.  The unlawful employment practices complained of herein were intentional.

142.  Plaintiff suffered damages as alleged in Section X.

### COUNT FIVE – DISPARATE IMPACT EMPLOYMENT DISCRIMINATION
### 42 U.S.C. 2000e-2(a)
### IN THE WORKPLACE AT GM FINANCIAL

143.  Defendant, GM has violated 42 U.S.C. §2000e-2(a), Chapter 21 of the Texas Labor Code and other similar state statutes.

144.  Plaintiff repeats and re-alleges Paragraphs 19 through 28.

145.  Plaintiff is a dark skin toned, African American, female.

146.    Plaintiff repeats and re-alleges Paragraphs 29 through 74.

147.    Plaintiff has established her prima facia case of disparate impact employment discrimination.

148.    Plaintiff was qualified for her position with Defendant.

149.    Defendant took adverse employment actions against Plaintiff as outlined in paragraph 69 above.

150.    Defendant told Plaintiff they were taking adverse employment actions against her because of her lowered performance evaluation and his failure to comply with written policies and procedures, which isn't true.

151.    As recently as February, 2016, Plaintiff reiterated her discrimination complaints to Defendant, however no action was taken.  Defendant continually utilizes a policy of using results of performance reviews, progressive discipline, imaged leader training, career path, coaching for success, discrimination, among others to make employment decisions.   Defendant inquires about employees' training progress, discipline, participation and completion on a regular basis.  Such policies, while facially neutral, have a disproportionate and disparate impact on employees who are dark skin toned, whose race is African American and whose gender is female.

152.    The unlawful employment practices complained of herein were intentional.

153.    Plaintiff suffered damages as alleged in Section X.

### COUNT SIX - HOSTILE WORK ENVIRONMENT
### 42 U.S.C. §2000e & 42 U.S.C. §1981
### IN THE WORKPLACE AT GM FINANCIAL

154.    Defendant, GM has violated 42 U.S.C. §2000e, 42 U.S.C. § 1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

155.   Plaintiff repeats and re-alleges Paragraphs 19 through 28.

156.   Plaintiff is a dark skin toned, African American, female over fifty (50) years old.

157.   Plaintiff repeats and re-alleges Paragraphs 29 through 74.

158.   Plaintiff has established her prima facia case of hostile work environment.

159.   GM knowingly allowed the ridicule, insults, rumors and innuendoes concerning Plaintiff, especially about her being a dark skin toned, African American, female, over fifty (50) years of age and about her work product and reputation to continue unabated which contributed to the hostile work environment.

160.   GM took NO steps to reduce or eliminate the hostile work environment, especially when Plaintiff requested the adverse employment actions, ridicule, insults, rumor and innuendos to stop; however GM refused to honor said request.

161.   As a result of GM's failure to honor Plaintiff's request, the adverse employment actions, ridicule, insults, rumors and innuendos increased at the workplace, to the point where Plaintiff was overwhelmed and exhausted thereby aggravating Plaintiff's medical condition.

162.   Although GM knew of the hostile work environment, GM took NO remedial action to stop the hostile work activities and prevent those types of unlawful activities from occurring in the future.

163.   In fact not only did GM not take any remedial action to stop the hostile work environment, GM, managers, supervisors and others themselves contributed to the hostile work environment.

**MENTAL ABUSE BY GM FINANCIAL**
**MANAGEMENT, SUPERVISORS & OTHERS**
**IN THE HOSTILE WORKPLACE AT GM FINANCIAL**

164.   GM's management, supervisors & others including supervisors of Plaintiff willingly, knowingly and intentionally, by their acts or failure to act subjected Plaintiff to mental abuse.

165.   Plaintiff was subjected to direct mental abuse, bullying and intimidation from GM's management, supervisors & others including but not limited to supervisors of Plaintiff, when they provided instructions and guidance to Plaintiff in direct contravention to GM policies, procedures and instructions and guidance provided routinely to other non-African American employees in the workplace.  GM's selective application of a facially neutral policy is evidence of pretext, as many courts have concluded.  See: *E.E.O.C. v. Louisiana Office of Community Services*, 47 F.3d 1438, 1445-46 (5th Cir. 1995); see also: *Jenkins v. Ball Corp.*, 140 F. App'x 519, 526 (5th Cir. 2005).

166.   Plaintiff was subjected to direct mental abuse, bullying and intimidation from GM's management, supervisors & others including but not limited to supervisors of Plaintiff, when they caused Plaintiff to endure the adverse employment actions as outlined in paragraph 69 above.

167.   By GM's failure and refusal to stop the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct caused Plaintiff to suffer severe emotional distress which exacerbated Plaintiff other medical conditions.

168.   GM knew that continuing to allow the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct to continue created a high

degree of risk of harm to Plaintiff and others; however GM deliberately proceeded to act in conscious disregard of with indifference to that rise.

169.   Plaintiffs' severe emotional distress includes painful emotional reactions, such as; embarrassment, shame, humiliation, difficulty sleeping, emotional physical manifestations from stress, depression and worry, among other things.

170.   GM, management, supervisors and others extreme and outrageous conduct, was intensified with their day-to-day harassing conduct aimed at Plaintiff, which proximately caused severe emotional distress to Plaintiff.

171.   GM failed to take any action, failed to take remedial action, failed to discipline its employees, failed to separate the employees, and/or failed to take corrective action all the while encouraging a hostile work environment.

172.   GM, managers and supervisors and others, by their acts or failure to act herein supported the ongoing hostile work environment.

173.   All of the events outlined here in totality establishes a hostile work environment exist at GM.

174.   The unlawful employment practices complained of herein were intentional.

175.   Plaintiff suffered damages as alleged in Section X.

**COUNT SEVEN – RETALIATION**
**42 U.S.C. 2000e-3(a) & 42 U.S.C. §1981**
**IN THE WORKPLACE AT GM FINANCIAL**

176.   Defendant, GM has violated 42 U.S.C. §2000e-3(a), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

177.   Plaintiff repeats and re-alleges Paragraphs 19 through 28.

178.   Plaintiff participated in a protected activity.  42 U.S.C. §2000e-3(a); *Byers v.*

*Dall. Morning News, Inc.*, 209 F.3d 419, 427-28 (5th Cir. 2000).

179.    Plaintiff suffered adverse employment actions as outlined in paragraph 69 above.    But for Plaintiffs' participation in protected activity, Plaintiff would not have been subjected to the discrimination, harassment and adverse employment actions described herein.    *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008); see also: *Group Von Graupen v. Burlington Coat Factory of Tex., L.P.*. 2013 U.S. Dist. LEXIS 37547; 2013 WL 1143359.

180.    Plaintiff repeats and re-alleges Paragraphs 29 through 74.

181.    Plaintiff has established her prima facia case of retaliation.

182.    GM managers, supervisors and others retaliation against Plaintiff during 2014, 2015 & 2016 through the present include, but not limited to:

1)    GM, management, supervisors and others uttering unproductive disparaging remarks to Plaintiff; and

2)    GM, management, supervisors and others undermining Plaintiff; and

3)    GM, management, supervisors and others creating events at the workplace to cause more stress and aggravation for Plaintiff; and

4)    GM, management, supervisors and others blatantly discriminating against Plaintiff;

5)    GM, management, supervisors and others causing adverse employment actions as outlined in paragraph 69 above;

6)    GM, management, supervisors and others depriving Plaintiff from her federally protected rights;

7)    GM, management, supervisors and others depriving Plaintiff from her

Rights protected by the State of Texas;

8)     GM, management, supervisors and others using the "good ole boy" system within the workplace at GM; and

9)     GM, management, supervisor and others using a systematic scheme to provide better employment opportunities and benefits to non-African American, non-dark skin toned, non-female, non-over fifty (50) year old, individuals, family, relatives, friends and associates; and

183.   Most if not all of the acts complained of within this entire Complaint were retaliatory in nature and directed toward Plaintiff.

184.   It is unlawful to retaliate against an individual for opposing discriminatory employment practices or for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under Title VII of the Civil Rights Act of 1964, the Texas Labor Code and other similar statutes.

185.   During the course of Plaintiff's employment, GM, acting through its management, supervisors, agents and vice principals, in a continuous course of conduct, discriminated against Plaintiff in the terms, conditions and privileges of her employment due to her age, race, color and sex (gender) and due to retaliation for having participated in an EEOC proceeding and for having opposed conduct which she had a good faith belief was unlawful and/or discriminatory on the basis of age, race, color and sex (gender) and for retaliation including in that:

> Defendants, through their agents, supervisors and/or employees, in a continuing course of conduct, subjected Plaintiff to retaliation, discrimination and harassment in the terms, conditions, and privileges of her employment in retaliation for her filing a charge of discrimination with the EEOC and/or participating in a proceeding with that agency against her employer and/or because she opposed

discrimination and retaliation at Defendants place of employment. Plaintiff also asserts that the Defendant has engaged in age, race, color and sex (gender) discrimination by its acts, in the violation of the law.

## VICARIOUS LIABILITY
## RESPONDEAT SUPERIOR - RATIFICATION
## IN THE WORKPLACE AT GM FINANCIAL

186.   The acts of Plaintiff's managers, supervisors and co-workers were performed while in the employment of GM and were within the course and scope of that employment or within the authority delegated to the employee.

187.   Therefore the conduct of Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was performed while in the employment of GM.

188.   Further the conduct of Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was approved by GM as took no steps to change, alter, stop or modify said conduct.

189.   At the time of the conduct of Plaintiff's managers, supervisors and co-workers were acting on GM's behalf.

190.   After the events complained of by Plaintiff, GM was fully aware of the actions of Plaintiff's managers, supervisors and others where said conduct was approved by GM with its acts or failure to act.

191.   GM approved of the conduct of its employees, including Plaintiff's managers, supervisors' and co-workers acts with intent to validate them.

192.   Therefore GM is liable for the acts of its employees, including Plaintiff's managers, supervisors' and co-workers as outlined herein.

193.   The unlawful employment practices complained of herein were intentional.

194.   Plaintiff suffered damages as alleged in Section X.

**COUNT EIGHT – FAILURE TO PROMOTE**
**42 U.S.C. §1981**
**IN THE WORKPLACE AT GM FINANCIAL**

195.   Defendant, GM has violated 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

196.   Plaintiff repeats and re-alleges Paragraphs 19 through 28.

197.   Plaintiff is a dark skin toned, African American, female, over fifty (50) years old with over fourteen (14) years of seniority.

198.   Plaintiff repeats and re-alleges Paragraphs 29 through 74.

199.   Plaintiff has established her prima facia case of failure to promote.

200.   *Failure to Promote* - A failure to promote claim involves any employee who is not selected for a promotion because he or she is a member of a protected group.  In this case the Plaintiff is a member of more than one protected group as outlined in section VII above because she is a dark skin toned, African American, female, over fifty (50) years old, who participated in filing charges with the United States Equal Employment Opportunity Commission.

201.   Plaintiff applied for and was qualified for the Team Lead position; where GM, chose a younger candidate, with less seniority, less education, less experience and outside Plaintiffs' protect classes, to fill the position.

202.   Plaintiff applied for and was qualified for the Specialist III position; where GM, chose a younger candidate, with less seniority, less education, less experience and outside Plaintiffs' protect classes, to fill the position.

203.   Plaintiff applied for and was qualified for the Cash Management Analyst position; where GM, chose a younger candidate, with less seniority, less education,

less experience and outside Plaintiffs' protect classes, to fill the position.

204.   Plaintiff applied for and was qualified for the Compliant Tracking Analyst position; where GM, chose a younger candidate, with less seniority, less education, less experience and outside Plaintiffs' protect classes, to fill the position.

205.   Plaintiff applied for and was qualified for the Servicing Quality Assurance Analyst position; where GM, chose a younger candidate, with less seniority, less education, less experience and outside Plaintiffs' protect classes, to fill the position.

206.   Plaintiff applied for and was qualified for other positions; where GM, chose a younger candidate, with less seniority, less education, less experience and outside Plaintiffs' protect classes, to fill the position.

207.   The selection process for the Team Lead, Specialist III, Cash Management Analyst, Compliant Tracking Analyst and Servicing Quality Assurance Analyst, among other open positions, were made not based upon qualifications, education, experience and seniority, but on Plaintiffs' age (over fifty (50) years old), race (African American), color (dark skin toned) and gender (female), pure blatant discrimination.

208.   GM without justification repeatedly failed to promote Plaintiff for years, which discrimination continues to this day.

209.   GM has no reasonable justification for its failure to promote Plaintiff.

210.   GM has no legal justification for its failure to promote Plaintiff.

211.   GM discriminated against Plaintiff through failing to promote Plaintiff time and again.  Plaintiff knows this has been a continuing pattern for years based on her observations and assorted documentation, where few dark skin toned, African American, females, over fifty (50) years old, have been selected for promotion into

the lead, supervisory and management ranks of GM.

212. The unlawful employment practices complained of herein were intentional.

213. Plaintiff suffered damages as alleged in Section X.

**COUNT NINE – DEFAMATION**
**IN THE WORKPLACE AT GM FINANCIAL**

214. Defendant, *GM* has defamed Plaintiff.

215. Plaintiff repeats and re-alleges Paragraphs 19 through 28.

216. Plaintiff is a dark skin toned, African American, female over fifty (50) years old.

217. Plaintiff repeats and re-alleges Paragraphs 29 through 74.

218. Plaintiff has established her prima facia case of defamation.

219. Plaintiff was subjected to defamation from GM's management, supervisors & others who published statements by oral and written communication asserting the statements were true when the statements were not true.

220. Plaintiff was subjected to defamation from GM's management, supervisors & others who published statements by oral and written communication asserting as fact that Plaintiff had negative performance which statements were not true.

221. Plaintiff was subjected to defamation from GM's management, supervisors & others who published statements by oral and written communication asserting as fact that Plaintiff negatively performed her duties which statements were not true.

222. Plaintiff was subjected to defamation from GM's management, supervisors & others who published statements by oral and written communication asserting as fact that Plaintiff was not a team player which statements were not true, as Plaintiff is a team player but does not condone discrimination, harassment and racism.

223. Plaintiff was subjected to defamation from GM's management, supervisors &

others who published statements by oral and written communication asserting as fact derogatory statements contained within the *"hurle notes"* of GM as true, when such statements were not true.

224.   Plaintiff was subjected to defamation from GM's management, supervisors & others statements involving a private issue. The allegations about Plaintiff are private issues which should not have been made public without Plaintiff's consent and prior to the completion of a thorough investigation.

225.   GM's management, supervisors & others including but not limited to other managers and supervisors of Plaintiff and others, statements were defamatory per se under the common law.

226.   GM's management, supervisors & others, are strictly liable to Plaintiff for the defamation.

227.   GM's management, supervisors & others without evidence, maliciously created their statements, then proceeded to publish said false statements with the specific intent to a) cause Plaintiff to not be promoted; b) cause Plaintiff to suffer adverse employment actions; c) cause Plaintiff to be embarrassed, ridiculed and harassed; d) cause Plaintiff to be subject to persecution; e) cause Plaintiff's reputation to be tarnished and f) cause Plaintiff to suffer damages.

228.   GM's management, supervisors & others, false statements caused injury to Plaintiff, which resulted in damages to Plaintiff. These damages shall all to be specified at trial and any injunctive relief deemed appropriate and available under the law which Plaintiff brings this action.

229.   GM's management, supervisors & others, false statements were defamatory

per se, which entitles Plaintiff to a presumption of general damages.

230.   GM's management, supervisors & others, false statements resulted in the following special damages to Plaintiff: a) loss of earning capacity; b) loss of past and future income; c) loss of employment opportunities; d) invasion of privacy through publication; e) loss of employment benefits; and f) emotional distress.

231.   The unlawful defamatory conduct complained of herein was done with malice or reckless indifference to the protected rights of Plaintiff.

232.   As a result of GM's defamatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment.

233.   As a result of GM's defamatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, which non-pecuniary losses only exacerbated Plaintiff medical condition.   Because of these losses Plaintiff seeks compensatory damages.

234.   GM's actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.   Plaintiff is therefore entitled to punitive damages.

235.   Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

## XII. INJUNCTIVE RELIEF

236.   Plaintiff restates, realleges, reavers and hereby incorporates by reference any and all allegations contained herein, inclusive.   In addition, Plaintiff alleges that the GM's discriminatory actions outlined herein must be enjoined by this Court in order to

force GM to comply with the law.  It is suggested that the injunction be specific in enjoining GM, its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in violation of Title VII on the basis of Race, Color, Sex (gender) and Age Discrimination and or like state statutes.

237.   That this Court retain jurisdiction for five (5) years to make sure GM is complying with the law.

## XIII. DEMAND FOR A TRIAL BY JURY

238.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.  *See also:*  U.S. Const. Amend. 7.  In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Northern District of Texas, Fort Worth Division as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38(b).

## XIV. PRAYER

**WHEREFORE**, Plaintiff respectfully prays this Court to:

a. GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC. be summoned to appear and answer herein; and

b. Issue findings of fact and conclusions of law that GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s acts, practices, and procedures, subjected Plaintiff to Age Discrimination, Race Discrimination, Color Discrimination, Sex (gender) Discrimination,

Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Hostile Work Environment, Retaliation, Failure to Promote and as complained of herein violated Plaintiff's rights as secured under Title VII and 29 U.S.C. 623 or like state statute; and:

c.  Grant to Plaintiff a permanent injunction enjoining GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in Age Discrimination, Race Discrimination, Color Discrimination, Sex (gender) Discrimination, Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Hostile Work Environment, Retaliation, Failure to Promote and as complained of herein violated Plaintiff's rights as secured under Title VII and 29 U.S.C. 623 or like state statute; and:

d.  Grant to Plaintiff a judgment for damages, for Age Discrimination, Race Discrimination, Color Discrimination, Sex (gender) Discrimination, Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Hostile Work Environment, Retaliation and Failure to Promote against the GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s in an amount within the jurisdictional limits of this Court; and

e.  Retain jurisdiction over this action to assure full compliance with the orders of

this Court and with applicable law;

f. Award Plaintiff judgment for his damages for mental abuse, pain and suffering, mental anguish and for the humiliation caused by GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s unlawful treatment in an amount within the jurisdictional limits of this Court; and

g. Plaintiff prays for an award of punitive damages in an amount believed by the Court to be appropriate to punish GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s for the willful and malicious misconduct and necessary to deter GENERAL MOTORS, LLC dba GM FINANCIAL and GENERAL MOTORS FINANCIAL COMPANY, INC.'s from engaging in such misconduct in the future, in an amount within the jurisdictional limits of this Court; and

h. Plaintiff prays that the Court award Plaintiff costs and expenses of this action and award Plaintiff reasonable attorney fees as provided in 29 U.S.C. 623, Title VII, 42 U.S.C. §2000e-5(k), 42 U.S.C. §1981, Texas Labor Code Chapter 21 and or like state statutes;

i. Plaintiff, in accordance with her rights under the United States and Texas Constitutions, and statutory rights under Title VII 42 U.S.C. §2000e-5(k) and or like state statutes demands a trial by jury on issues triable to a jury;

j. Pre-judgment interest accruing at the rate of Six per cent (6%) per annum[1]

---

[1] If no specific rate of interest is agreed on by the parties, 6 percent annual interest, starting thirty days after the amount is due and payable, maybe charged. Tex. Const. art. XVI, § 11; Tex. Fin. Code Ann. §302.002 (Vernon Supp. 2003); see: *Miner-Dederick Construction Corp. v. Mid-County Rental Service,*

from November 14, 2014 until the date of judgment;

k. Post-judgment interest at the rate of Eighteen per cent (18%) per annum or at the highest legal or contractual rate allowed by law from the date of judgment until the judgment is paid;

l. Judgment in the amount of Seventy Five Thousand Dollars **($75,000.00)** as initial attorney's fees plus additional attorney's fees when incurred in prosecution of this lawsuit, if Defendant does not appeal this judgment this to the Fifth Circuit Court of Appeals and time for appeal to that court has expired, Defendant shall be entitled to a remittitur of Five Thousand Five Hundred Dollars ($5,500.00), against the judgment for attorney's fees; and if Defendant does not appeal from the Court of Appeals to the Supreme Court of the United States and time for that appeal has expired, Defendant shall be entitled to a remittitur of Four Thousand Five Hundred Dollars ($4,500.00) against the judgment for attorney's fees;

m. All costs of court;

n. All expert witness fees incurred in the preparation and prosecution of this action;

o. All court reporter fees incurred in the preparation and prosecution of this action;

p. Plaintiff be awarded damages as outlined in Section X, paragraph 75 above; and

---

*Inc.*, 603 S.W.2d 193, 200 (Tex. 1980). This is sometimes referred to as "legal Interest." T Fin C §§ 301.002(a)(8), 302.002.

q. Plaintiff be granted all writs necessary to enforce the judgment of this Court; and

r. Plaintiff shall be awarded such other, further relief as the nature of the case may require or as may be determined to be just, equitable, or proper by the Court.

Respectfully submitted, this 16th day of May, 2016.

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
State Bar No. 13329500
MCBETH LAW OFFICE
6060 N. Central Expressway, Suite #560
Dallas, Texas 75206
Telephone: (972) 498-8702
Facsimile:   (972) 680-4411
*ATTORNEY FOR PLAINTIFF*
*KATRINA K. NEELY*